# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DRIVING SCHOOL ASSOC. OF OHIO, ) | CASE NO: 1:92-CV-00083 |
| ) | |
| Plaintiff, ) | JUDGE ANN ALDRICH |
| ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| vs. ) | |
| ) | |
| CHARLES D. SHIPLEY, *et al.* ) | |
| ) | **ORDER** |
| Defendants. ) | |

This case was referred to the undersigned for disposition of motions to strike affidavits. (Doc. No. 115.)

### I. Procedural History

On July 9, 1992, the Ohio Department of Highway Safety was enjoined from pursuing any "unmotivated or unreasonable" actions to disrupt the businesses of the Driving School Association of Ohio ("DSAO"). (Doc. No. 45.)

On January 10, 2006, DSAO submitted a motion to show cause as to why Charles D. Shipley, Director of the Ohio Department of Safety, the Ohio Department of Highway Safety, William Bradley, and Attorney General Lee Fisher (collectively "Defendants") should not be held in contempt for violating the July 9, 1992 injunction. (Doc. No. 55.) The affidavits of Debbie Huber ("Huber") and Peggy Mooney ("Mooney") are attached as evidence to DSAO's

Motion to Show Cause. Defendants filed motions to strike the affidavits of Huber and Mooney. (Docs. No. 81 and 96.)

## II. Analysis

A motion to strike is a drastic remedy that should be used sparingly and only when the purposes of justice require. *See Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *Battle v. Nat'l City Bank*, 364 F. Supp. 416 (N.D. Ohio 1973) (holding that a motion to strike should only be granted when the pleading to be stricken has no possible relation to the controversy.); *Kramer Consulting, Inc. v. McCarthy*, 2006 U.S. Dist. LEXIS 12857 at *27 (S.D. Ohio, Mar. 8, 2006).

Defendants present a compelling argument in support of their motions to strike. Defendants argue that neither Mooney nor Huber were members of DSAO at the time the alleged abusive action occurred and, therefore, their statements are irrelevant to the issue of whether Defendants can be held in contempt for violating an order that applied only to businesses that were part of the DSAO. (Docs. No. 81 and 96.) Nevertheless, DSAO makes at least a colorable argument that the affidavits are relevant as contradicting the testimony of one of Defendants' witnesses.

Furthermore, there is some case law suggesting that Fed. R. Civ. P. 12(f) governing motions to strike pleadings does not to apply to affidavits, as affidavits are not considered part of the pleadings. *See Wimberly v. Clark Controller Co.*, 364 F. 2d 225, 227 (6th Cir. 1966) (analyzing the impact of a motion to strike on an affidavit, the Court stated that it "has the discretion to disregard those facts which would not be admissible in evidence, and to rely on those facts which are competent evidence."); *Lombard v. MCI Telcoms. Corp.*, 13 F. Supp. 2d

621, 625 (N.D. Ohio 1998) (finding no basis in the Federal Rules for striking an affidavit pursuant to Civ. R. 12(f), but excluding from its consideration "those portions of the exhibits that are hearsay, not based on personal knowledge, irrelevant, or otherwise inadmissible."); *Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 599 (S.D. Ohio 2003) ("[A] court cannot use Fed. R. Civ. P. 12(f) to strike an affidavit .... Nonetheless, a district court may exclude from consideration an affidavit that it deems improper."); *Rhea v. Dollar Tree Stores*, 395 F. Supp. 2d 696, 702 (W.D. Tenn. 2005) ("exhibits attached to motions are not pleadings and are outside the scope of Rule 12(f)."); *cf. Sutton v. United States SBA*, 92 Fed. Appx. 112, 118 (6th Cir. 2003) (discussing the district court's adoption of the magistrate judge's finding that Rule 12(f) does not apply to an affidavit because it is not a "pleading," but declining to rule on the issue because plaintiffs suffered no prejudice from the refusal to strike the affidavit under Rule 12(f).)

Therefore, the Court finds that it is improper to strike an affidavit pursuant to Fed. R. Civ. P. 12(f). It is for the ultimate fact finder to decide what weight, if any, should be accorded to the disputed affidavit testimony and for the District Court Judge to decide issues of admissibility of evidence.

### III. Conclusion

For the foregoing reasons, Defendants' motions to strike (Docs. No. 81 and 96) are DENIED.

IT IS SO ORDERED.

/s/Nancy A. Vecchiarelli
U.S. Magistrate Judge

DATE: September 14, 2006