**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DRIVING SCHOOL ASSOCIATION OF OHIO,** ) | **CASE NO.  1:92CV00083** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **JUDGE ANN ALDRICH** |
| ) | |
| **CHARLES D. SHIPLEY, DIRECTOR, et al.,** ) | |
| ) | |
| Defendants. ) | **MEMORANDUM OF OPINION** |

On January 10, 2006, plaintiff Driving School Association of Ohio ("DSAO") moved to reopen this case, asking defendants Kenneth Morckel, Karen Kadar, Barry McKew, and Dale LaRue ("defendants") to show cause why they should not be held in contempt of this court's 1992 injunction.  (Doc. No. 55.)  Specifically, DSAO alleges that the defendants are engaging in harassing behavior in the prosecution of their inspection policy, which violates the 1992 injunction.  DSAO also filed an amended motion to show cause.  (Doc. No. 119.)  Barry McKew was subsequently dismissed from the case by stipulation of the parties.  (Doc. No. 112.)

On June 28, July 5, and July 6, 2006, this court held a show cause hearing.  Also before the court are defendants' motion to dismiss (Doc. No 80), and motion to hold in abeyance (Doc. No. 116), as well as DSAO's motion to strike defendants' notice of a final adjudication order that was entered on the record (Doc. No. 137).  All motions have been fully briefed and are ripe for adjudication.  For the following reasons, the court denies defendants' motion to dismiss, as well as DSAO's motion to strike.  The court, however, grants defendants' motion for abeyance,

and therefore denies DSAO's motion to show cause, as well as its amended motion to show cause, without prejudice.

## I.  FACTUAL BACKGROUND

On July 9, 1992, this court entered an injunction enjoining the Ohio Department of Highway Safety (now the Ohio Department of Public Safety) from pursuing any "'unmotivated and unreasonable' actions that disrupt the commercial driving schools' businesses." (Doc. No. 41.)  On June 28, July 5, and July 6, 2006, the court held a contempt hearing.

## II.  ANALYSIS

**A) Standing**

Defendants' response to the motion to show cause (Doc. No. 80), argues for dismissal of the case for lack of standing.  The court disagrees.

The United States Supreme Court held that "an association has standing to bring suit on behalf of its members when:

> (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

Defendants take no issue with the first two prongs of this test; standing is lacking, they maintain, because the claim would require the participation of individual members of the DSAO. DSAO agues that affidavits for individual members were included simply to establish a concrete injury as part of the case and controversy requirement.  Neither side, however, cites the dispositive Supreme Court case, *United Food & Commer. Workers Union Local 751 v. Brown*

*Group*, 517 U.S. 544, 555 (1996), which held that consideration of the test's third prong is not constitutionally required, but rather is prudential and discretionary. Therefore, this court finds that the third prong need not be considered in this case; defendants' motion to dismiss (Doc. No. 80) is denied.

**B) Younger Abstention**

Defendants also argue that the contempt hearing should have been held in abeyance pending the resolution of the arbitration hearing as well as the two state court hearings. Although this court chose to proceed with the contempt hearing, this motion remains ripe because no contempt order was issued after the hearing. The court finds that *Younger* abstention is appropriate, and therefore denies DSAO's motions to show cause without prejudice.

Abstention under *Younger v. Harris*, 401 U.S. 37 (1971) is appropriate in a civil case when three criteria are met: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims. *Middlesex County. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). DSAO argues that *Younger* abstention would be inappropriate because elements one and three are not met. The court disagrees.

The two state court cases are "currently pending" for the purposes of *Younger*. Indeed, under *Younger* analysis, "it is not material whether the state judicial proceedings were initiated before or after the federal proceedings. *Younger* principles apply where the state proceedings are begun before 'any proceedings of substance on the merits have taken place in federal court.'" *Ada-Cascade Watch Co. v. Cascade Resource Recovery, Inc*., 720 F.2d 897, 904 n.3 (6th Cir.

1983) (citing *Younger*, 401 U.S. at 49; Middlesex County, 457 U.S. 437). DSAO's two state court actions were initiated on May 26, 2006, before any proceedings of substance on the merits had taken place. Therefore, the first element of the *Younger* test is satisfied.

The two pending state court actions provide DSAO with an adequate opportunity to raise their constitutional claims. Indeed, defendants point out that DSAO's show cause order does not raise any constitutional issues, and its state court action contains multiple constitutional claims. Because the state proceedings afford an adequate opportunity to raise any constitutional claims, the third *Younger* element is satisfied.

DSAO laments that the third element cannot be satisfied, given that the 1992 injunction is only enforceable in this court. The issues of federal and state court comity underlying *Younger*, however, lead this court to agree with defendants that abstention is proper. Specifically, before this court can determine if defendants' behavior was "unmotivated and unreasonable" under the terms of the 1992 injunction, it must rule on the scope of § 4501-7-20 of the Ohio Administrative Code. That issue is currently being decided by the state court. Therefore, abstention is appropriate here. Defendants' motion to abstain is granted, and DSAO's motions to show cause are denied without prejudice. The parties are directed to inform the court upon the final adjudication of the state court cases and subsequently re-submit their show cause motions.

**C) Motion to Strike**

DSAO's motion to strike is denied. DSAO takes issue with defendants' filing of judicial notice of the final adjudication order on the state administrative hearings against Heights Driving

-4-

School.  Defendants correctly note that Federal Rule of Evidence 201(c) states that "A court may take judicial notice, whether requested or not."  Moreover, this issue is directly relevant to defendants' motion for *Younger* abstention.  As stated above, this court needs to know the outcome of the remaining state court cases in order to rule on the motions to show cause.  The court is similarly appreciative of the outcome of the administrative hearing.  Therefore, the court denies DSAO's motion to strike.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied (Doc. No. 83), and their motion for abeyance is granted (Doc. No. 116).  DSAO's motions to show cause (Doc. No. 55, 119) are therefore denied without prejudice.  Finally, DSAO's motion to strike (Doc. No. 137) is denied, and the parties are further ordered to keep this court advised of the final resolution of the state court cases after all appeals, and subsequently re-submit their show cause motions.

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

Dated:  March 30, 2007